**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| LUCILLE GREENE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 04-1297 (SLR) |
| | ) | |
| UNITED STATES POSTAL SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM IN OPPOSITION TO
## DEFENDANT'S JUDGMENT AS A MATTER OF LAW

The Defendant first argues that Plaintiff's claim should be dismissed because Plaintiff was not within a zone of danger of physical harm citing Pritchett v. Delmarva Builders, 1998 WL 283376 (Del. Super.). Pritchett is a case where claimants alleged that they became emotionally upset when they came back and observed their house on fire. The zone of danger that the court is talking about is not relevant to this case. This is not a property damage case that my client happened to observe. The allegation in this case is that the postal employee failed to realize that he was upsetting my client, an 84-year-old lady, to the point where she was in tears and that she left the post office in such an upset and disturbed condition that she tripped and fell. The allegation is that no postal clerk should treat an elderly lady the way my client was treated because of the obvious effect it would have on such a person. In the Pritchett case, there was a reference to a line of cases that the intentional infliction of emotional distress is an independent tort action. There is a reference to the case of Mattern v. Hutson, Cummings v. Pinder, and Brzoska v. Olsen. Those cases are the cases that are on point, not the Pritchett case.

As evidenced by the two cases cited in Plaintiff's pre-trial, Thomas v. Hartford Mutual Insurance Co., 2003 WL 22051 (Del. Super.), and Cummings v. Pinder, 574 A.2d 843 (Del. 1990), the claim of intentional or negligent infliction of emotional distress can encompass situations that do not involve a fear for an individual's own personal safety. In Thomas v. Hartford Mutual Insurance Co., the claim was that the insurance carrier's conduct was outrageous when it refused to provide medical insurance to the claimant. The court said that such an allegation was sufficient to make a claim of intentional infliction of emotional distress. In Cummings v. Pinder, Mr. Pinder was represented by Mr. Cummings. The court found that the conduct of the attorney, Mr. Cummings, was so outrageous that it constituted intentional infliction of emotional distress. In that case, the court noted that one of the outrageous acts of the attorney was to stop payment on the plaintiff's check, knowing full well that there was a likelihood that because of that conduct Plaintiff's checks might bounce. The tort of intentional or negligent infliction of emotional distress is not nearly as narrow as Defendant would suggest.

The Defendant also suggests that for Plaintiff to recover for the tort of intentional infliction of emotional distress Plaintiff must show emotional distress manifested as a physical injury. It is claimed that the conduct of the carrier was intentional, that he realized that he was upsetting the Plaintiff and he continued to do it. Notwithstanding that if the Court would only find that there was negligent infliction of emotional distress there clearly is a physical injury. The physical injury was when Plaintiff, in her upset condition, fell and injured her knee. There was no requirement that the physical injury immediately manifested itself.

The severity of the conduct of the Defendant is a question of fact. Plaintiff would suggest that the conduct of the Defendant was outrageous. It is not a question of a person simply being rude or someone being upset. We have a clerk who suggested to the Plaintiff that she might be trying to mail explosives when clearly there was absolutely no reason for such a suggestion. The only reasonable conclusion is that for whatever reason the clerk was willing to upset the Plaintiff to the point where she left the premises.

Defendant also relies upon <u>Hostetter v. Hartford Insurance Co.</u>, 1992 WL 179423 (Del. Super.). That was a case where the plaintiff sued the defendant insurance company in connection with property damage and was ultimately successful, then turned around and sued the insurance company for bad faith. The emotional distress in that case is hardly comparable to the kind of situation that we are talking about.

                GRADY & HAMPTON, LLC

                /S/ John S. Grady_____
                John S. Grady, Esquire (I. D. No. 009)
                6 North Bradford Street
                Dover, DE  19904
                (Tel. 302-678-1265)
                jgrady@gradyhampton.com
                *Attorney for plaintiff*

DATED:     October 31, 2005