# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LUCILLE GREENE,            )
                                     )
          Plaintiff,       )
                                     )
          *v.*            )     C. A. No.  04-1297 (SLR)
                                     )
UNITED STATES POSTAL SERVICE,    )
                                     )
          Defendant.     )

## PLAINTIFF'S POST-TRIAL REPLY MEMORANDUM

GRADY & HAMPTON, LLC
John S. Grady, Esq. (009)
6 North Bradford Street
Dover DE  19904
jgrady@gradyhampton.com
(302) 678-1265
Attorney for Plaintiff

DATED:     March 3, 2006

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ................................................................................................. i

**TABLE OF AUTHORITIES** ......................................................................................... ii

**INTRODUCTION** ........................................................................................................ 1

**ARGUMENT** ............................................................................................................... 2

    I.    THE ZONE OF DANGER IS A RED HERRING. ............................................... 2

    II.   THE PLAINTIFF'S PHYSICAL INJURIES. ....................................................... 4

    III.  MR. MAURER WAS NEGLIGENT. .................................................................. 5

**CONCLUSION** ............................................................................................................ 6

## TABLE OF AUTHORITIES

### <u>Cases</u>

*Robb v. Pennsylvania Railroad Company*, Del. Supr. 210 A.2d 709, 711-712.......... 2, 3, 5

*Williamson v. Wilmington Housing Authority*, Super. Ct. New Castle County 1627 C. A.

No. 1960........................................................................................................................ 2

**INTRODUCTION**

Plaintiff, in her opening brief, has addressed virtually all of the arguments made by the government in its brief.  Therefore, this memorandum will not attempt to re-argue all of those issues.

**ARGUMENT**

I.    THE ZONE OF DANGER IS A RED HERRING.

The government argues repeatedly throughout its brief that there can be no cause of action by the Plaintiff because she was not in the "zone of danger."

The "zone of danger" cases arose typically where a parent observed a child being injured. The issue became whether or not that parent had a cause of action independently from the child's. The long and the short was that the court said in some instances that the parent did have a cause of action if it was in the "zone of danger". In other words, a parent would only have a cause of action for emotional distress if it was in some immediate physical proximity when the event took place.

That whole rationale of "zone of danger" is not applicable in this case. The Plaintiff herself was the victim of Mr. Maurer's conduct. It is not as if Mr. Maurer was directing some questionable conduct to the Plaintiff's daughter and the Plaintiff then claimed her own cause of action. The Plaintiff herself is the victim in this case and that is the reason that the "zone of danger" issue is not relevant in this case. See *Williamson v. Wilmington Housing Authority*, Super. Ct. New Castle County 1627 C. A. No. 1960, referred to in *Robb v. Pennsylvania Railroad Company*, Del. Supr. 210 A.2d 709, 711-712.

In *Robb v. Pennsylvania Railroad Company*, Del. Supr. 210 A.2d 709 (1965), the court was faced with a situation where the plaintiff drove up to a railroad crossing and was unable to back up her car when she saw an oncoming train and only barely managed to get out of the car and escape when the train hit her vehicle. She claimed emotional

distress from the negligence of the railroad company in that it had allowed a foot deep rut to form at the crossing.

The Delaware Supreme Court in *Robb* first analyzed the impact rule. The impact rule previously was that if there was no impact then there can be no damages. The Court, in discussing the impact rule, said "it is stated that since fright alone does not give rise to a cause of action, the consequences of fright will not give rise to a cause of action. This is now generally recognized to be a non-sequetor want of damage being recognized as a reason that negligence causing mere fright is not actionable. It is now generally agreed, even jurisdictions that have adopted the impact rule, that the gist of the action is the injury flowing from the negligence, whether operating through the medium of physical impact or nervous shock." (at 712)

The *Robb* court was concerned about whether or not there was an injury. The *Robb* court eventually reversed the trial court and said that the plaintiff did have a cause of action, even though there was no physical impact.

In the instant case, the Plaintiff was, at least according to her facts, the subject of conduct of Mr. Maurer was upsetting and not only upsetting, but obviously upsetting and left her in tears. It certainly was not unforeseeable that an 85-year-old woman being upset by the teller might, in exiting the post office, trip over a parking bumper in getting back into her car. The series of events took place in a matter of no more than 15 feet. What is critical is that Plaintiff did actually suffer an injury.

Plaintiff would query whether the government would take the same position based upon the outrageous conduct of a teller if the Plaintiff was so startled that she stepped back from the teller and struck her head and had some other physical injury.

II.     THE PLAINTIFF'S PHYSICAL INJURIES.

The Defendant next argues that there can be no recovery unless the emotional distress translates into a physical injury.  It has been noted in Plaintiff's opening brief that in order for Plaintiff to recover under the theory of negligent infliction of emotional distress there has to be some requirement of a physical injury.  The reason that the court has said that there has to be a physical injury is because otherwise the claim is simply too nebulous.  Interestingly, though, if there is proof of intentional infliction of emotional distress, the courts have apparently created a lesser standard because proof of physical injury is not necessary.  It is true that the physical injuries incurred by Plaintiff are not as a result of some internal condition resulting from the stress or trauma of the incident, but rather it is caused by her upset state of mind, which certainly impacted upon her when leaving the post office and trying to get back to her car.  This is not a case where there is some danger or some concern by the court that the Plaintiff may be making up or faking an injury.

If one may slightly alter the facts in *Robb*, it would be helpful in analyzing this case.  Suppose that Dixie Robb, in escaping from the train bearing down on her vehicle, tripped and fell and permanently injured her knee.  It would seem that Dixie Robb would be entitled to recovery for those injuries.  If she can recover for the fright, surely she should be able to recover for the physical injury.

4

III.    MR. MAURER WAS NEGLIGENT.

The Defendant argues in the last part of its brief that since Defendant was not liable for intentional infliction of emotional distress therefore as a matter of law it cannot be liable for negligent infliction of emotional distress.  The logic of the argument negates any difference between negligent and intentional, a conclusion for which there is, of course, no legal support.

It is, of course, up to the Court to decide whether the Defendant's conduct rose to the category of negligent.  There is a dispute of facts between the parties and there are different inferences that may be drawn by the Court.  It is Plaintiff's contention, of course, that the Defendant knew or should have known that he was upsetting the Plaintiff and yet he persisted.  The training video is helpful in demonstrating what would be reasonable conduct by Mr. Maurer.  The Defendant basically suggests that there is no standard of care.  Plaintiff would dispute that.  It is a fundamental precept of tort law that if an individual has a duty to a third party that he must act in a reasonable manner.  Mr. Maurer, in this case, certainly has some kind of duty to Plaintiff who was a legitimate customer at the post office.  Plaintiff submits that the conduct of Mr. Maurer did go over the line, that it was negligent, and that he is responsible for the consequences of his conduct.  The consequences of that conduct continued as Plaintiff left the post office.  Her injuries were proximately caused by the negligence of Mr. Maurer.

**CONCLUSION**

For the reasons submitted herewith and in Plaintiff's opening brief, Plaintiff submits that judgment should be granted in favor of the Plaintiff and against the Defendant in an amount as requested in Plaintiff's opening brief.

GRADY & HAMPTON, LLC

/S/ John S. Grady_____
John S. Grady, Esquire (009)
6 North Bradford Street
Dover DE  19904
(302) 678-1265
Attorney for plaintiffs

DATED:        March 3, 2006