IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LUCILLE GREENE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 04-1297-SLR |
| | : |
| UNITED STATES POSTAL SERVICE, | : |
| | : |
| Defendant. | : |

**UNITED STATES POSTAL SERVICE'S MOTION TO
ALTER OR AMEND JUDGMENT UNDER RULE 59(e)
OF THE FEDERAL RULES OF CIVIL PROCEDURE**

The United States Postal Service ("United States" or "USPS"), through the undersigned counsel, moves the Court to amend its Opinion dated September 21, 2006 ("Opinion").[1] In support of its motion the USPS avers as follows:

1.  The Court found in its Opinion that Plaintiff failed to establish the USPS's liability for negligent infliction of emotional distress.

2.  In its opinion, the Court stated that the USPS "has not apologized to plaintiff for her bad experience at the Magnolia Post Office." (D.I. No. 35 ("Opinion") at 4, citing D.I. No. 34 ("Trial Transcript") at 117, attached at A-7.) In fact, however, the uncontradicted (and unchallenged) record evidence reflects that the USPS promptly offered apologies to Plaintiff. Not only did Mr. Maurer apologize to Plaintiff when it became clear to him that Plaintiff was confused by his questions, he also took the further step of personally crossing out the objectionable markings on the package as a favor to Plaintiff because she claimed she had trouble

---

[1] A party may move a court pursuant to Rule 59(e) to amend the court's opinion in order to correct, among other things, manifest errors of fact. *See, e.g., Strine v. Borough of Media*, No. 94-6911, 1996 WL 12959, at *1 (E.D. Pa. Jan 12, 1996); *United States v. Dawkins*, 327 F.3d 1198, 1198 (D.C. Cir. 1994) (granting the United States' motion to amend the court's opinion).

seeing what she was supposed to cross out. (Trial Transcript at 128, attached at A-8.) In addition, the Magnolia Postmaster, Karen C. Ward, called Plaintiff by telephone the following day and, according to Ms. Ward's testimony, "of course, I expressed my, you know, concern that she had fallen in my parking lot, and that we wanted to conduct a good investigation, a thorough investigation, to make sure that all the information was recorded, and that, you know – I inquired as to her well-being, whether she had seen a physician, whether she needed [the USPS] to schedule one with ours." (Trial Transcript at 104, attached at A-6.) Ms. Ward further testified "I said I was sorry that she had become upset and hurt herself." (*Id.* at 117, attached at A-7.) It is true that Ms. Ward did not offer in this initial phone call with Plaintiff to apologize for Mr. Mauer's conduct; but since Ms. Ward had just initiated an investigation into the matter and had not made any findings concerning Mr. Mauer's conduct, it would have been premature and unfair to Mr. Mauer to issue an apology at that juncture. On this record, the USPS urges the Court to correct the factual finding that "Defendant has not apologized to Plaintiff for her bad experience at the Magnolia Post Office."

       3.      The Court also stated in its Opinion that "[i]t is unfortunate that the conduct under scrutiny at bar was not informally addressed by defendant, thus adding to its lamentable reputation." (Opinion at 6.) In fact, however, the USPS made several efforts to resolve this dispute informally. All of those efforts were rebuffed by Plaintiff. In the first place, Plaintiff refused to speak with Ms. Ward when Ms. Ward called Plaintiff, telling Ms. Ward instead that Plaintiff was planning to get a lawyer. (Trial Transcript at 44, 70-71, 77-78, attached at A1 – A5.) Plaintiff subsequently did retain an attorney, who submitted an administrative tort claim to the USPS demanding $250,170.00 in compensation for Plaintiff's alleged injuries. (A9 – A10.)

That claim was rejected in good faith, upon the opinion of the United States that the claim was frivolous and the demand exorbitant. After Plaintiff filed a Complaint in this Court, the USPS attended mediation with Magistrate Judge Thynge. As a result of that mediation, counsel for the USPS attempted to resolve issues related to the Medicare lien arising from Plaintiff's medical care following the incident alleged in the Complaint, even though the USPS continued to believe that Plaintiff's claim was frivolous.

4. The fact that the parties' informal efforts to resolve the matter were unsuccessful does not support a factual finding that the USPS failed to informally address the conduct at issue in this case. The party responsible for this case being tried formally before the Court is the Plaintiff, not the USPS.[2] Accordingly, the USPS urges the Court to amend the language of the Opinion to reflect the fact that the USPS did, in fact, apologize for Plaintiff's experience and did attempt to resolve this case informally.

5. The United States also respectfully moves the Court to delete from the Opinion its finding that the USPS has a "lamentable reputation." (Opinion at 6 (footnote omitted).) There is no evidence in the record to support any finding about the reputation of the USPS. The United States urges the Court to amend its Opinion to remove this derogatory reference to the USPS, an organization employing approximately 700,000 people who work hard every day to serve the

---

[2]Before trial was held, the Court observed that it is unfortunate "to see instances where conduct by federal employees leads to cases like this. It's a shame. It's shameful." (Pretrial Transcript at p. 5, lines 12-14, attached as A14.) To the extent the Court intended by these comments to communicate its opinion that this case never should have been tried before a District Court Judge, the United States agrees. The responsibility for causing such a trial to occur, however, rests with the Plaintiff. The United States cannot be expected, and will not agree, to spend taxpayers' money to settle frivolous law suits. To do otherwise would invite further frivolous claims and force the United States to spend much more of the taxpayers' money than it took to litigate the instant case.

public good.  (*See* correspondence from Mary Anne Gibbons, USPS General Counsel, attached at A-11 – A12.)

WHEREFORE, counsel for the USPS respectfully move the Court to amend its Opinion to reflect the facts that the USPS offered apologies to Plaintiff and made good faith efforts to resolve this matter informally, and to delete the derogatory reference to the USPS's reputation.

        COLM F. CONNOLLY
        United States Attorney

By: /s/   Patricia C. Hannigan
     Patricia C. Hannigan
     Assistant United States Attorney
     Delaware Bar I. D. No. 2145

By: /s/   Seth M. Beausang
     Seth M. Beausang
     Assistant United States Attorney
     Delaware Bar I.D. No. 4071
     The Nemours Building
     1007 Orange Street, Suite 700
     Post Office Box 2046
     Wilmington, DE 19899-2046
     Patricia.Hannigan@usdoj.gov
     Seth.Beausang@usdoj.gov
     (302) 573-6277

Attorneys for United States Postal Service

Dated: October 2, 2006.

OF COUNSEL:
Stanford M. Bjurstrom
United States Postal Service
Law Department - National Tort Center
P. O. Box 66640
St. Louis, MO 63166-6640
(314) 872-5158

**CERTIFICATE OF SERVICE**

      I, Patricia C. Hannigan, hereby certify that on October 2, 2006, the foregoing UNITED STATES POSTAL SERVICE'S MOTION TO ALTER OR AMEND JUDGMENT UNDER RULE 59(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE was electronically filed with the Clerk of Court using CM/ECF, which will send electronic notification of such filing to the following:

John S. Grady  
Grady & Hampton  
6 North Bradford Street  
Dover, DE 19901  
jgrady@gradyandhampton.com

                              COLM F. CONNOLLY  
                              United States Attorney

                        By: /s/ Patricia C. Hannigan  
                              Patricia C. Hannigan  
                              Assistant United States Attorney  
                              Delaware Bar I.D. No. 2145  
                              The Nemours Building  
                              1007 Orange Street, Suite 700  
                              P. O. Box 2046  
                              Wilmington, DE 19899-2046  
                              (302) 573-6277  
                              Patricia.Hannigan@usdoj.gov