IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

LUCILLE GREENE,                    )
                                   )
           Plaintiff,              )
                                   )
     v.                            )   Civ. No. 04-1297-SLR
                                   )
UNITED STATES POSTAL SERVICE,      )
                                   )
           Defendant.              )

**MEMORANDUM ORDER**

At Wilmington this 17th day of November, 2006, having
reviewed defendant's motion to alter or amend judgment under
Federal Rule of Civil Procedure 59(e) and plaintiff's response
thereto;

IT IS ORDERED that said motion (D.I. 38) is granted in part
and denied in part, for the reasons that follow:

1. Rule 59(e) "permits the filing of a motion to alter or
amend a judgment. A motion under Rule 59(e) is a 'device to
relitigate the original issue' decided by the district court, and
used to allege legal error." United States v. Fiorelli, 337 F.3d
282, 288 (3d Cir. 2003) (citations omitted).

2. Instantly, defendant does not ask the court to amend the
actual judgment rendered in defendant's favor; rather, defendant
asserts in its motion that the court's findings of fact were in

error in three respects:  (a) Whether defendant has apologized to plaintiff; (b) Whether defendant attempted to resolve the case informally; and (c) Whether the USPS's reputation was characterized correctly by the court.

3.  Rule 52(b) of the Federal Rules of Civil Procedure specifically provides for a motion to amend the court's findings of fact and is the more appropriate procedural tool to employ under these circumstances.  Because defendant filed its Rule 59(e) motion within the ten day time limit required by both Rule 52(b) and Rule 59(e), the court will construe the instant motion as one filed under Rule 52(b).  See Boone v. United States, 743 F. Supp. 1367, 1370 (D. Ha. 1990), aff'd, 944 F.2d 1489 (9th Cir. 1991).  The decision to grant or deny a motion to amend or enlarge the findings is within the discretion of the trial court. See 9 Moore's Federal Practice (Civil) § 52.60[2] (3d ed. 2006) (citing West Cent. Coop. v. United States, 607 F. Supp. 1, 3-4 (N.D. Iowa 1983), aff'd, 758 F.2d 1269 (8th Cir. 1985); United States v. Anderson, 591 F. Supp. 1, 4 (E.D. Wash. 1982)).

4.  With respect to the first finding of fact in dispute, the court acknowledges that Ms. Ward expressed her "concern" that plaintiff had fallen in the parking lot and her intention to "conduct a good investigation, a thorough investigation."  (D.I. 38 at A6)  Ms. Ward also testified that she "was sorry that [plaintiff] had become upset and hurt herself."  (Id. at A7)

2

However, Ms. Ward admitted that she never apologized for the conduct of Mr. Maurer.  (Id.)  Mr. Maurer's testimony is less clear.  He testified as follows:

> Well, Karen [Ward] told me that she received a complaint on me and asked me to write up a statement of what happened at that time.
>
> I wrote up a statement, stating that it was -- actually, it was a busy day.  A lady came in, gave me a package that had ORM-D on it.
>
> I pointed the package out to the individual and pointed to a poster that has, about the mailability, not accepting of reused boxes, and the individual stated that she was blind.
>
> At that time I said, I'm sorry, crossed out the ORM-D on the package to be shipped.

(Id. at A8)  As the finder of fact, it was the court's responsibility to judge the credibility of the witnesses.  It is not clear whether Mr. Maurer apologized at all[1] or for what.  The court declines to amend its findings of fact in this regard.

5.  The second area of dispute goes to the efforts made by defendant to informally resolve this case.  The record indicates that during the first conversation between plaintiff and Ms. Ward, after plaintiff had explained what had happened, Ms. Ward indicated that she was "sending a man over to sign some papers." (Id. at A1)  At that point, plaintiff declared her intention to

---

[1]The court notes that this testimony is once removed from eyewitness testimony, as Mr. Maurer was testifying about what he wrote in his official statement to the USPS, not specifically about what he did on the day in question.

have a lawyer "with [her]" (id.) and a formal claim was filed
months later.[2]  The record does not reflect what efforts
defendant made to resolve this case informally over the ensuing
years.  Therefore, the court declines to amend its findings of
fact in this regard.

6.  The last finding in dispute relates to the court's
characterization of defendant's reputation.  The court will
revise this language in an amended opinion.

_Sue J. Robinson_

United States District Judge

---

[2]The incident at issue occurred on December 17, 2002; the
claim was filed on October 3, 2003.  (Id. at A9)

4